Mr. Jimmy White, Spokesperson Sportsmen2010 Post Office Box 1346 Manila, Arkansas 72442
Dear Mr. White:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2007), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted a similar measure, which this office rejected due to ambiguities in the text of your proposed amendment. See Op. Att'y Gen. No. 2011-129. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
 Popular Name A PROPOSED CONSTITUTIONAL AMENDMENT TO AMENDMENT 35 TO REQUIRE THE MEMBERS OF THE ARKANSAS GAME AND FISH COMMISSION TO BE ELECTED RATHER THAN APPOINTED BY THE GOVERNOR Ballot Title TO AMEND THE ARKANSAS CONSTITUTION CONCERNING THE MEMBERSHIP OF THE ARKANSAS STATE GAME AND FISH COMMISSION; PROVIDING THAT THE ARKANSAS STATE GAME AND FISH COMMISSION SHALL CONSIST OF TWO (2) MEMBERS FROM EACH CONGRESSIONAL DISTRICT, TO BE CHOSEN BY THE QUALIFIED ELECTORS OF THE CONGRESSIONAL DISTRICT ON A NON-PARTISAN *Page 2 
BASIS; PROVIDING THAT EACH MEMBER OF THE ARKANSAS STATE GAME AND FISH COMMISSION SHALL BE A CITIZEN OF THE UNITED STATES AT THE TIME OF HIS OR HER ELECTION, A RESIDENT OF THE STATE OF ARKANSAS FOR TWO (2) YEARS NEXT PRECEDING HIS OR HER ELECTION, A RESIDENT OF THE CONGRESSIONAL DISTRICT FROM WHICH HE OR SHE MAY BE ELECTED FOR ONE (1) YEAR NEXT PRECEDING HIS OR HER ELECTION, AND AT LEAST TWENTY-ONE (21) YEARS OF AGE AT THE TIME OF HIS OR HER ELECTION; PROVIDING THAT THE MEMBERS OF THE ARKANSAS STATE GAME AND FISH COMMISSION WITHIN EACH CONGRESSIONAL DISTRICT SHALL DIVIDE THEMSELVES INTO TWO (2) CLASSES BY LOT AT THE FIRST COMMISSION MEETING FOLLOWING THE PASSAGE OF THIS AMENDMENT, WITH THE FIRST CLASS SERVING INITIAL TERMS OF TWO (2) YEARS AND THE SECOND CLASS SERVING INITIAL TERMS OF FOUR (4) YEARS; PROVIDING THAT ALL SUBSEQUENT TERMS OF MEMBERS OF THE ARKANSAS STATE GAME AND FISH COMMISSION SHALL BE FOR FOUR (4) YEARS WITH A LIMIT OF TWO (2) FOUR (4) YEAR TERMS; PROVIDING THAT IF REDISTRICTING OF THE CONGRESSIONAL DISTRICTS OCCURS AND/OR A MEMBER MOVES AND NO LONGER RESIDES IN THE DISTRICT THAT HE OR SHE WAS ELECTED TO REPRESENT, THE MEMBER SHALL REMAIN ON THE ARKANSAS STATE GAME AND FISH COMMISSION UNTIL HIS OR HER TERM EXPIRES; PROVIDING THAT EACH MEMBER OF THE ARKANSAS STATE GAME AND FISH COMMISSION SHALL BE SWORN INTO OFFICE ON THE SECOND MONDAY IN JANUARY FOLLOWING A GENERAL ELECTION; PROVIDING THAT EACH MEMBER OF THE ARKANSAS STATE GAME AND FISH COMMISSION SHALL RECEIVE AN ANNUAL SALARY EQUAL TO THE ANNUAL SALARY FOR A MEMBER OF THE GENERAL ASSEMBLY AND REPEALING LANGUAGE REQUIRING MEMBERS OF THE ARKANSAS STATE GAME AND FISH COMMISSION TO SERVE WITHOUT COMPENSATION OTHER THAN ACTUAL EXPENSE REIMBURSEMENT; PROVIDING THAT THE INITIAL ELECTION OF THE MEMBERS OF THE ARKANSAS STATE GAME AND FISH *Page 3 
COMMISSION UNDER THIS AMENDMENT SHALL OCCUR AT THE 2014 GENERAL ELECTION; PROVIDING THAT MEMBERS SERVING ON THE ARKANSAS STATE GAME AND FISH COMMISSION WITH THE SAME POWERS AND DUTIES UNTIL NEW MEMBERS ARE ELECTED AND SWORN INTO OFFICE ACCORDING TO THIS AMENDMENT AND THAT ANY VACANCIES OCCURRING AMENDMENT SHALL BE FILLED ACCORDING TO THE PROVISION IN AMENDMENT 29 TO THE ARKANSAS CONSTITUTION; AND PROVIDING THAT THE AMENDMENT SHALL BECOME EFFECTIVE ON JANUARY 1, 2015.
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neithercertification nor rejection of a popular name and ballot title reflectsmy view of the merits of the proposal. This Office has been given noauthority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. In addition, following Arkansas Supreme Court precedent, this office will not address the constitutionality of proposed measures in the context of a ballot title review unless the measure is "clearly contrary to law." Kurrus v. Priest,342 Ark. 434, 29 S.W.3d 669 (2000); Donovan v. Priest,326 Ark. 353, 931 S.W.2d (1996); Plugge v. McCuen,310 Ark. 654, 841 S.W.2d 139 (1992). Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment or act.
The purpose of my review and certification is to ensure that thepopular name and ballot title honestly, intelligibly, and fairly setforth the purpose of the proposed amendment or act. See Arkansas Women'sPolitical Caucus v. Riviere,282 Ark. 463, 466, 677 S.W.2d 846 (1984). *Page 4 
The popular name is primarily a useful legislative device.Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant,259 Ark. 294, 532 S.W.2d 741 (1976); Moore v. Hall,229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment or act that will give the voter a fair understanding of the issues presented. Hoban v. Hall,229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere,270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen,318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen,303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v. McCuen,296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see
A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, supra. The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law.Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial.Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citingLeigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed popular name and ballot title due to ambiguities in the text of your proposed measure.Additionally, your proposed ballot title is deficient in its failureto fairly or completely summarize the effect of your proposed amendmentwith respect to changes in current law. Our court has consistently warned that the ballot title must convey an intelligible idea of thescope and significance of a proposed change in the law. Christian CivicAction Committee, supra. Your proposed title is wholly deficient in this respect. *Page 5 
A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities discussed below, and without some effort to summarize the amendment's effect on existing Amendment 35 to the Arkansas Constitution. I am therefore unable to substitute and certify a more suitable and correct popular name and ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. The revised title of Section 2 is "Qualifications and election of members — Terms of office of commission." However, the section deals only with qualifications, not with election or terms.
 2. In contrast to your previous submission, Section 3 of this proposal establishes a limitation on the number of terms each commissioner may serve. You propose to amend existing Section 3 of Amendment 35 to insert a new subsection (b) stating: "For all subsequent terms, each Commissioner shall serve a term of four (4) years and can succeed themselves with a limit of two four year terms." This language is ambiguous in several respects.[1] First, although I suspect it may not have been the intent, read literally, this language suggests that the only way the first commissioners (i.e., those first elected following passage of your measure) can serve subsequent terms is if they succeed themselves. This same suggestion applies with respect to other persons who are later elected to the commission, i.e., those other than the first commissioners under the amendment. Second, while I again suspect this was not the intent, the 2-term limitation might be read as only applying to successive terms, such that a commissioner who served 2 successive terms could have a break in service and subsequently serve 2 more terms, but then only successively. The alternative possibility is that you intend to impose a limitation on the total number of four-year terms a commissioner may serve, regardless of whether the commissioner is succeeding himself and regardless of whether the terms are consecutive. This intent is far from clear, however, under the proposal as worded. *Page 6 
Finally, it is unclear whether the 2-term limitation includes the "initial" four-year-term referenced in Section 3(a)(3); or whether, alternatively, the 2-term limitation applies only with respect to "subsequent terms," under the language of Section 3(b).
 3. Section 3 proposes to amend existing Section 3 of Amendment 35 to insert a new subsection (c) addressing a commissioner who moves out of the district he or she was elected to represent. But there is a problem with the syntax that leads to confusion and difficulty in comprehension. The problem is attributable to the insertion of "and/or" immediately preceding the reference to a commissioner moving. This could be read to mean that redistricting has to occur and the commissioner must move outside of the district. This fails to convey that the commissioner could find himself outside of the district without moving as the result of redistricting. The "or," of course, suggests only that a commissioner will serve out his term if he moves out of the district, whether the district has been redistricted or not. I realize that what you likely mean to say is that if a commissioner finds himself outside the district, whether as the result of redistricting or his moving, he will nevertheless serve out his term. However, the measure as written does not say this.
 4. Proposed Section 3(e) states that "[t]he initial election of Commissioners under this amendment shall occur at the 2014 General Election." But the proposed Section 3(g) states: "This amendment shall become effective on January 1, 2015." I am uncertain how any election of commissioners could occur "under this amendment" before the amendment is effective. This internal inconsistency must be clarified so that the ballot title can accurately reflect the amendment's effective date.
 5. Proposed Section 3(f) states that vacancies on the Commission "shall be filled according to the provisions of Amendment 29 to the Arkansas Constitution." The Governor fills vacancies in a number of offices pursuant to Amendment 29. The proposed Section 3(f) therefore appears to conflict with Section 6 of your measure, which leaves unamended that part of existing Section 6 of Amendment 35 which provides for the remaining Commissioners to make the appointment if the Governor fails to fill a vacancy within thirty days from the date thereof. I am unable to reconcile these provisions.
 6. Your proposed ballot title states, with regard to commissioners' compensation, that each commissioner "shall receive an annual salary equal *Page 7 
to the annual salary for a member of the general assembly." However, the actual text of your proposed amendment does not accomplish that. Section 4 of your measure proposes to amend existing Section 4 of Amendment 35 to state, in part, that "[e]ach Commissioner . . . shall receive an annual salary, expenses reimbursement and per diem in accordance with Amendment 70, Sections 1, 2, and 3." This language is vague in that Ark. Const. amend. 70 does not refer to commissioners, but rather contains several different salaries for different officers.
 7. I note that you have included in this proposed measure the full text of each existing section of Amendment 35 that is unamended by your measure, specifically, existing Sections 5, 7 and 8 of Amendment 35. I am uncertain why you have included the full, unamended text of Amendment 35, and I am concerned that this may give rise to uncertainty or confusion. In this regard, I note that it is clear from your treatment of the other sections of Amendment 35 that you are proposing to amend them. However, existing Sections 5, 7 and 8 are set out differently, with no introductory language and no "§" symbols denoting that these are existing Amendment 35 sections. This might suggest to the voter that these sections constitute new, proposed language under your amendment.
I cannot certify a ballot title for your proposed amendment in the face of these ambiguities. You must remedy these confusing and ambiguous points before I can perform my statutory duty. Amending the constitution of the state is a very serious matter. The Arkansas Supreme Court holds popular names and ballot titles of proposed constitutional amendments to a standard that is commensurate with this seriousness. Accordingly, I must be diligent in my duty to assure that the popular names and ballot titles that I certify meet the court's high standard. Given the above uncertainties, however, I am unable to fairly or completely summarize the full effect of your proposed measure. The provisions discussed above in my opinion clearly constitutes "essential fact[s] which would give the voter serious ground for reflection." Bailey, supra,318 Ark. 277, 285. As such, they must be fully and accurately disclosed.Id.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107 and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal. *Page 8 
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law.See, e.g., Finn v. McCuen, supra. Furthermore, the Court has recently confirmed that a proposed amendment cannot be approved if "[t]he text of the proposed amendment itself contribute[s] to the confusion and disconnect between the language in the popular name and the ballot title and the language in the proposed measure."Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000). The Court concluded: "[I]nternal inconsistencies would inevitably lead to confusion in drafting a popular name and ballot title and to confusion in the ballot title itself." Id. Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty under these circumstances is to reject your proposed ballot title, stating my reasons, and instruct you to "redesign" the proposed measure and ballot title. See A.C.A. § 7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
DUSTIN McDANIEL Attorney General
[1] It should also be noted in this respect that "each commissioner" is a singular subject; and "themselves" is a plural predicate nominative. The two do not agree. Grammar dictates that "themselves" instead read "himself," or perhaps "himself or herself."

 *Page 1